**BROWN & ROOT, INC., Plaintiff,**

v.

**Warren J. BRECKENRIDGE and Charles Lee Booker, Defendants.**

**Civ.A. No. 2:99–00254.**

United States District Court, S.D. West Virginia, Charleston Division.

May 21, 1999.

Bryan R. Cokeley, Steptoe & Johnson, Charleston, WV, W. Carl Jordan, Robert L. Ivey, Susanne K. Sullivan, Vinson & Elkins LLP, Houston, TX, for plaintiff.

J. Michael Ranson, Cynthia M. Salmons, Leslie R. Stotler, Ranson Law Offices, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendants' motion to dismiss pursuant to *Rule* 12(b) of the *Federal Rules of Civil Procedure.* For reasons discussed more fully below, the Court concludes that, under the Rooker–Feldman doctrine, it lacks subject matter jurisdiction over this action and **GRANTS** Defendants' motion to dismiss without prejudice.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Defendants Breckenridge and Booker worked for Brown & Root providing construction and supplemental maintenance services until October 1996 when they were terminated as part of a reduction in force. In September 1997 Defendants filed suit in Kanawha County Circuit Court alleging that each was laid off due to race, in violation of the West Virginia Human Rights Act ("WVHRA"). In December 1997 Brown & Root filed a motion in the state court action to compel specific performance of Breckenridge and Booker's contractual obligations to arbitrate. At oral hearing in September 1998, and by subsequent order of November 4, 1998, the state court denied Brown & Root's motion. Brown & Root then petitioned the Supreme Court of Appeals of West Virginia for a writ of prohibition to be directed against Breckenridge and Booker and the Honorable Tod J. Kaufman, Judge of the Circuit Court of Kanawha County. On December 15, 1998, the state Supreme Court refused, without comment, to issue the writ of prohibition. Brown & Root then petitioned the Supreme Court of the United States for a writ of certiorari, which was denied on May 17, 1999.

On March 30, 1999 Brown & Root filed this civil action to compel arbitration pursuant to section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. Defendants moved to dismiss. Although the motion is filed pursuant to *Rule* 12(b)(6), the Court treats it as a motion to dismiss pursuant to *Rule* 12(b)(1), for lack of jurisdiction over the subject matter.

## II. ARGUMENT

█ Lower federal courts generally do not have jurisdiction to review state court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United State Supreme Court. This principle is known as the *Rooker–Feldman* doctrine. *See District of Columbia Ct. App. v. Feldman,* 460 U.S. 462, 482–86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). In upholding the doctrine, the Supreme Court stated:

> [L]ower federal courts possess no power whatever to sit in direct review of state court decisions. If [the party seeking relief] was adversely affected by the state court's decision, it was free to seek vindication of its federal right in the [state] appellate courts and ultimately, if necessary, in this Court.

*Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 296, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970); *see also* 28 U.S.C. § 1257. As the Court explained, in this nation we have two "essentially separate legal systems." *Id.* at 286, 90 S.Ct. 1739.

> [T]his dual system could not function if state and federal courts were free to fight each other for control of a particular case. Thus, in order to make the dual system work and to prevent needless friction between state and federal courts, it was nec-

essary to work out lines of demarcation between the two systems.

*Id.* (internal quotation and citation omitted). For this reason, federal district courts lack subject matter jurisdiction to review state court decisions. *See Feldman,* 460 U.S. at 482, 103 S.Ct. 1303.

█ Here, in the underlying state action, the state court denied Brown & Root's motion to compel arbitration pursuant to an employment contract. The state court relied on *Copley v. NCR Corporation,* 183 W.Va. 152, 394 S.E.2d 751 (1990), to rule that an employee's "right to a trial by jury under the West Virginia Human Rights Act cannot be waived or contracted away, even though as a condition of employment an agreement to arbitrate exists between the parties."[1] Mem. of Law. in Supp. of Defs.' Mot. to Dismiss, Ex. A. Brown & Root properly appealed the state court ruling to the state Supreme Court and thence to the United States Supreme Court.

█ By filing a petition to compel arbitration in this Court, however, Brown & Root essentially requests this Court to overturn the state court ruling denying arbitration. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pennzoil Co. v. Texaco Inc.,* 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring in the judgment).[2]

1. The *Copley* court analyzed section 1 of the FAA to exempt employment contracts of workers engaged in interstate or foreign commerce. *Copley,* syl. pt. 1, 183 W.Va. at 156, 394 S.E.2d at 755. Finding the FAA inapplicable, the court applied state law, holding that "[u]nder West Virginia law, an arbitration clause in an employment contract cannot defeat a human rights action filed by the claimant pursuant to [the WVHRA]." *Id.,* syl. pt. 2, 183 W.Va. at 157, 394 S.E.2d at 756.

The relevant portion of the FAA, section 1, collects definitions and, with respect to "commerce," concludes that "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. Interpretation of this provision has split the courts of appeal. *See Craft v. Campbell Soup Co.,* 161 F.3d 1199, 1202 n. 5 (9th Cir.1998) (gathering cases and noting

circuit split). The United States Supreme Court has not resolved the issue. Although it does not affect this Court's opinion, the Court notes that *Copley* thus rests on unsettled federal law.

2. Brown & Root urges the Court to consider *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), which requires exceptional circumstances before a federal district court declines to exercise jurisdiction over a matter because parallel state litigation is pending. In *Cone* the Supreme Court found a federal district court wrongly stayed an action to compel arbitration because a pending state suit involved the identical issue of the arbitrability of claims. *Cone* is distinguishable from the instant case; here the state court, the state Supreme Court, and the United States Supreme Court have rendered final judgments on the issue which Plaintiffs now asks this Court to adjudicate.

Under *Rule* 12(h)(3), "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

## III. CONCLUSION

Accordingly, the Court **GRANTS** Defendants' motion to dismiss, concluding it lacks subject matter jurisdiction.

The Clerk is directed to send a copy of this Order to counsel of record.

In reaching this decision, the Court is aware of *Doctor's Associates, Inc. v. Distajo,* 107 F.3d 126 (2nd Cir.1997), in which the court noted finding no cases "applying the Rooker–Feldman doctrine to deprive a district court of subject matter jurisdiction over a petition to compel arbitration under 9 U.S.C. § 4." *Id.* at 137. In that case, however, the court could not "say that [petitioner] is attempting to appeal from any of the state court decisions," *id.,* because the petition to compel arbitration was filed before any state court rulings on the merits. The court concluded:

"On these facts, we cannot say that the district court lacked jurisdiction under Rooker–Feldman to adjudicate [the petition] compel arbitration." *Id.*

The Court also notes the compelling discussion of federalism, comity, and application of Rooker–Feldman to federal jurisdiction of FAA petitions, Jean R. Sternlight, *Forum Shopping for Arbitration Decisions: Federal Courts' Use of Antisuit Injunctions Against State Courts,* 147 U.Pa.L.Rev. 91, 138 (1998).